**UNITED STATES SOUTHERN DISTRICT COURT OF OHIO**

| | |
|---|---|
| **KBW Investments Properties, LLC** | |
|    **Plaintiff** | **Case No. 20-CV-4852** |
| **v.** | **Judge James L. Graham** |
| **Alex Azar, et al** | **MOTION TO QUASH** |
|    **Defendants** | |

Now comes Petitioner, Phishelle Howze, by and through counsel and moves this Court to quash the subpoena issued to Petitioner on September 24, 2020. A memorandum in support is attached hereto.

          Respectfully Submitted,

          SOUTHEASTERN OHIO LEGAL SERVICES

          <u>s/ Kristen Finzel Lewis</u>
          Peggy Lee  #0067912
          William Canterberry  #0095874
          Kristen Finzel Lewis #0074392
          Attorneys for Petitioner Phishelle Howze
          15 W. Locust St.
          Newark, Ohio 43055
          740-345-0850
          740-354-2064 (fax)
          plee@seols.org

**MEMORANDUM**

**A. Petitioner's Statement of Facts and Procedural History**

Petitioner Phishelle Howze is a resident of Washington Square Plaza, a HUD-subsidized apartment complex managed by Beacon 360 Management ("Beacon 360"), located in Newark, Ohio. In 2017, Ms. Howze and her minor child relocated from Columbus, Ohio to her current residence to escape ongoing domestic violence. At the time Ms. Howze moved into Washington Square Plaza in 2017, she could not afford to pay the security deposit and first month's rent. She was permitted nonetheless to move into her new apartment. The security deposit and first month's rent remain due and owing to Washington Square Plaza.

On September 2, 2020, Beacon 360 filed a forcible entry and detainer action against Ms. Howze for non-payment of rent and damages in Licking County Municipal Court. *Beacon 360 Management v. Phishelle Howze*, Licking County Muni. Ct. No. 20CVG01700 (Complaint, Sept. 2, 2020). Counsel for Beacon 360, Willis Law Firm, LLC ("Willis") is also counsel representing the Plaintiff herein, KBW Investments Properties, LLC.

A hearing on Beacon 360's claim for eviction was scheduled in the Licking County Municipal Court on September 24, 2020. Ms. Howze appeared for that hearing with eviction counsel. Willis appeared on behalf of Beacon 360. By verbal agreement, the parties continued the hearing until October 8, 2020 to allow Ms. Howze additional time to locate financial assistance in order to save her housing. As a condition of that agreement, however, Willis demanded that Ms. Howze accept service of the subpoena now at issue in this motion. (See "Exhibit A" attached hereto and incorporated herein.) Ms. Howze agreed and accepted the subpoena. Most notably for this discussion, the subpoena issued to Ms. Howze requests that she produce "All documents which evidence a CDC Certification and all attempts to obtain

governmental or other assistance, including but not limited to, IMPACT funding for you or anyone you have represented in your capacity as an individual or an attorney. Additionally, provide documents which show that you will not be able to pay your rent or whether a tenant you are representing will not be able to pay their rent due to COVID-19".

While Ms. Howze may have rights under the CDC Order, *Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19,* 85 Fed. Reg. 55292-55297, to date, she has not provided a signed CDC declaration to her landlord nor has she otherwise invoked any rights under the CDC Order. Beacon 360 has also not engaged in any discovery in the pending eviction case. Instead, Willis on behalf of Beacon 360, issued a subpoena to thwart the discovery process in the state court eviction case and/or issued a subpoena for the purpose of intimidating Ms. Howze from asserting her rights under the CDC Order.

**B. Plaintiff's attempted discovery is premature.**

Plaintiff's request for discovery is conducted prematurely and without authority under Fed. R. Civ. P. 26(d):

*Rule 26 (d) Timing and Sequence of Discovery.*
  (1) *Timing. A party may not seek discovery **from any source** before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order.*

The initial 26(f) conference had not occurred in the instant case. There are no exemptions or other Rules which would permit discovery prior to the initial conference. Plaintiff has served this subpoena on Ms. Howze out of rule and therefore it should be quashed.

### C. The subpoena does not comply with Fed. R. Civ. P. 45(a)(4)

Fed. R. Civ. P. 45(a)(4) states:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

There is no evidence to substantiate that plaintiff provided prior notice to the named defendants **before** issuing a subpoena for production of documents to Ms. Howze, an unnamed third party. To the extent that plaintiff appears to be, as a practice, serving subpoenas requesting discovery from third parties before providing notice to the other parties in this case, plaintiff is violating Fed. R. Civ. P. 45(a)(4). At best, this practice is premature and grounds to quash the non-party subpoenas. *See e.g. Firefighter's Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). At worst, this practice has no purpose other than for intimidation of vulnerable tenants who have or may seek legal protections under CDC eviction moratorium.

### D. Plaintiff is using this court's discovery process to intimidate tenants in state court eviction cases.

In this instance, and in all the other instances where plaintiff serves subpoenas from this case to tenants in unrelated eviction cases, Plaintiff's sole purpose is to intimidate the tenants. Plaintiff is improperly attempting to invoke the Federal Court system to conduct an end run around the Ohio Rules of Civil Procedure and to intimidate tenants, like Ms. Howze, who may assert rights under the CDC Order, with the threat of perjury claims, and attempts to require them to appear for depositions and to produce documents outside of the timelines allowed by the Ohio Rules of Civil Procedure. This is abuse of process. In the case at hand, no CDC Declaration has ever been submitted, which makes even more evident the insidious intent underlying Plaintiff's actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner prays that the Subpoena issued to Phishelle Howze in this case be quashed and the Court provide any other relief it deems appropriate.

Respectfully Submitted,

SOUTHEASTERN OHIO LEGAL SERVICES

s/ Kristen Finzel Lewis_____
Peggy Lee  #0067912
William Canterberry  #0095874
Kristen Finzel Lewis #0074392
Attorneys for Petitioner Phishelle Howze
15 W. Locust St.
Newark, Ohio 43055
740-345-0850
740-354-2064 (fax)
plee@seols.org

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the foregoing Motion to Quash was served on the following parties or their counsel by the method listed below this \_25th\_\_ day of September 2020.

Dimitri Hatzifotinos
Attorney for Plaintiff
dhatzifotinos@willislawohio.com

          _s/Kristen Finzel Lewis
          Kristen Finzel Lewis #0074392
          Attorney for Phishelle Howze