UNITED STATES SOUTHERN DISTRICT COURT OF OHIO

**KBW Investment Properties, LLC**

    **Plaintiff**

v.

**Alex Azar, et al**

    **Defendants**

Case No. 20-CV-4852

Judge James L. Graham

<u>MOTION TO QUASH</u>

Now comes Petitioner, Jason Cooper, by and through counsel and moves this Court to quash the subpoena issued to Petitioner on September 18, 2020. A memorandum in support is attached hereto.

    Respectfully Submitted,

    THE LEGAL AID SOCIETY OF COLUMBUS

    <u>s/ Benjamin D. Horne</u>
    Benjamin Horne #0072842
    Melissa Benson #0079836
    Melissa Lenz #0097787
    Jyoshu Tsushima #0092346
    Molly Hennessey #0040715
    Attorneys for Petitioner Jason Cooper
    1108 City Park Ave., Suite 100
    Columbus, Ohio 43206
    614.224.8374
    614.224.4514 (fax)
    bhorne@columbuslegalaid.org

## MEMORANDUM

### A. Petitioner's Statement of Facts and Procedural History

Petitioner Jason Cooper is a tenant renting a residential property from RG Townhomes LLC. On August 28, 2020, RG Townhomes filed a forcible entry and detainer action against Mr. Cooper for non-payment of rent. Eviction Complaint attached as **Exhibit A**. Counsel for RG Townhomes, Willis Law Firm, LLC, ("Willis") is also counsel representing the Plaintiff in the present case, KBW Investments Properties, LLC.

On September 18, 2020, Petitioner went to the Greater Columbus Convention Center to attend a hearing in the eviction case. The parties ultimately agreed to resolve the case with an Agreed Entry wherein Defendant would make certain back rent payments and would remain at the property until November 30th, 2020. During the course of negotiations, Mr. Cooper and his counsel provided Willis attorney Dimitri Hatzifotinos with a CDC Declaration. In response, Attorney Hatzifotinos asked for the names of the attorney and the tenant and wrote them in on a pre-prepared United States District Court subpoena form and handed it to Petitioner (copy attached as **Exhibit B**). The subpoena does not identify which District Court is involved. The subpoena commanded Petitioner to go to the offices of the Willis Law Firm in Grandview Heights on September 25, 2020 and produce certain documents for inspection by KBW Investments, LLC.

Petitioner Jason Cooper is not a party named in this federal lawsuit. Petitioner is not a tenant of the Plaintiff of this lawsuit, KBW Investments, LLC. It is unclear how Plaintiff KBW Investments LLC has any interest in reviewing documents held by someone who is not their tenant. The Willis Law Firm at no time attempted to obtain discovery from Petitioner Cooper in the eviction proceedings in Franklin County Municipal Court. It apparently is attempting to

obtain documentation from Mr. Cooper, an opposing party in a municipal court lawsuit, through this unrelated federal lawsuit.

### B. Plaintiff's attempted discovery is premature.

Plaintiff's attempt to side-step the normal discovery procedures for discovery in an eviction case by seeking redress in an unrelated federal case is improper on many levels. On an elementary level, Plaintiff's request for discovery is conducted prematurely and without authority under Fed. R. Civ. P. 26(d):

> *Rule 26 (d) Timing and Sequence of Discovery.*
> (1) *Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order.*

An initial 26(f) conference has not occurred in the instant case, and there are no exemptions or other Rules which would permit discovery prior to the initial conference. Plaintiff has served this subpoena on Mr. Cooper out of rule and for that reason alone it is invalid and must be quashed.

### C. The subpoena does not comply with Fed. R. Civ. P.(a)(4)

Fed. R. Civ. P. 45(a)(4) states:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

The subpoena issued to Mr. Cooper requests the production of documents. By federal rule plaintiff was required to provide prior notice to the named defendants in the present lawsuit *before* issuing a subpoena for production of documents to Mr. Cooper, a non-party. In the present case plaintiff has chosen to skip this step. To the extent that plaintiff is serving subpoenas requesting discovery from non-parties before providing notice to the other parties in this case,

3

plaintiff is violating Fed. R. Civ. P. 45(a)(4). At best the service of these subpoenas is premature. At worst, this discovery has no purpose in this case other than to intimidate tenants who have no relation to this case and to chill their willingness to seek protection under the CDC eviction moratorium. Plaintiff's actions in this regard are a clear abuse of the discovery process.

### D. Plaintiff is using this court's discovery process in to intimidate tenants in state court eviction cases.

In this instance, and in all the other instances where plaintiff is serving federal subpoenas to tenants in unrelated eviction cases when CDC Declarations are submitted, Plaintiff's sole purpose appears to be to intimidate tenants seeking the protections of the CDC moratorium. The Federal Court system should not be misused to conduct an end run around the Ohio Rules of Civil Procedure. The Federal Court system should not be used as a tool to intimidate tenants, like Mr. Cooper, who simply served a CDC Declaration upon their landlord and in response were met with a demand to go to a law office a week later to produce documents to a party that has no interest in, or relation to, Mr. Cooper.

### E. The CDC's order applying to Mr. Cooper serves the public interest.

Mr. Cooper's case illustrates how the CDC's Order serves the public interest. If this Court were to rule the CDC Order invalid, he and his family would be at risk of becoming homeless, seeking refuge in crowded shelters, or seeking to double up with family or friends – putting them at risk of contracting and spreading the virus.

The CDC's Order explains how evictions can contribute to the spread of COVID-19. The CDC Order states, "many evicted renters move into close quarters in shared housing or other congregate settings. According to the Census Bureau American Housing Survey, 32% of renters reported that they would move in with friends or family members upon eviction, which would introduce new household members and potentially increase household crowding." 85 Fed.Reg.

4

55292, 55294. Because this novel virus is easily spread via respiratory droplets that are emitted when someone talks, coughs, or sneezes, evicted tenants, some of whom may have the virus and may not even be showing symptoms, should not move into close quarters with others, as this could lead to the spread of COVID-19. *Id.* at 55293. Furthermore, evicted families who do not have friends or family willing to let them move in may be forced to seek assistance at already overburdened homeless shelters, where outbreaks of COVID-19 have been identified. *Id.* at 55295. Additionally, "research suggests that the population of persons who would be evicted and become homeless would include many who are predisposed to developing severe disease from COVID–19." *Id.* The data supports the fact that irreparable harm will be imposed on tenant families who are displaced during this pandemic. For these families being displaced is more than a mere inconvenience; it is a matter of survival. To invalidate the CDC's well-intentioned protections will have devastating and heartbreaking consequences for many Ohio families.

    Without the CDC's moratorium, evictions are expected to rise in the coming months. In July, over one-third of renters nationwide stated that they had little or no confidence that they would be able to pay August rent. Kriston Capps, *One-Third of American Renters Expected to Miss Their August Payment*, BLOOMBERG CITYLAB (Aug. 7, 2020), https://www.bloomberg.com/news/articles/2020-08-07/survey-exposes-america-s-looming-rent-crisis. Even before the pandemic exacerbated the financial woes of Franklin County families, over four thousand evictions were filed in a three-month span from October 1, 2019 to December 31, 2020, resulting in over 1,000 families being "set out" – meaning their persons and their personal property were forcibly removed from their residence to the curb. Without the protections of the CDC moratorium, a similar number of families, simply struggling in the wake of the pandemic's economic downturn, will be evicted this year. However, this year the set outs

will have the additional unfortunate impact of hastening the community spread of COVID-19 and its attendant numbers of hospitalized and deceased.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner prays that the Subpoena issued to Jason Cooper in this case be quashed and the Court provide any other relief it deems appropriate.

Respectfully Submitted,
The Legal Aid Society of Columbus

s/ Benjamin D. Horne
Benjamin Horne #0072842
Melissa C. Benson #0079836
Melissa Lenz #0097787
Jyoshu Tsushima #0092346
Molly Hennessey #0040715
Attorneys for Jason Cooper
1108 City Park Avenue
Columbus, Ohio 43206
(614) 224-8374
(614) 241-4514 (FAX)

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of Court for the United States Southern District Court of Ohio by using the CM/ECF system. Participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. On September 25, 2020, I have served a copy of the foregoing Motion to Quash upon the following:

William Sperlazza
Attorney for Franklin County Ohio Municipal Court, Honorable Jarrod B. Skinner Judge
Columbus City Attorney's Office
wasperlazza@columbus.gov

Defendant Cassandra King
2322 McGuffey Road
Columbus, Ohio 43211

                                       _s/Benjamin D. Horne_
                                       Benjamin D. Horne #0072842
                                       Attorney for Jason Cooper

IN THE MUNICIPAL COURT OF FRANKLIN COUNTY, OHIO

RG Townhomes LLC (Havenwood)
4312 Westport Road
Columbus, Ohio 43228

                       Plaintiff,        Case No. *2020 CVG*

vs.

Jason Cooper and Irene Conoha
612 Franshire East
Columbus, Ohio 43228

And All Other Occupants,
                       Defendants.

## COMPLAINT IN FORCIBLE DETAINER

1. The subject of this Complaint is a residence located at *612 Franshire East, Columbus, Ohio 43228*. Plaintiff manages and leases said premises; Defendants are the Lessee.

2. Defendants entered into possession of the premises pursuant to a written lease agreement. Under such lease, Lessee has the obligation to pay to the Lessor monthly rental payments on or before the first of the month. A copy of said lease was provided to Defendants at the time of execution.

3. On or about *August 6, 2020*, the Defendants had not paid to Plaintiff the rental payment due for the month of *August, 2020*. Therefore, Plaintiff gave the Defendants the notice required by Section 1923.04 of the Ohio Revised Code to vacate the premises.

4. Defendants, by reason of refusal to remit payment of rent to the Plaintiff, are now in default under the terms of the lease, and by such default, Plaintiff is now entitled to immediate possession of the premises. Defendants have not surrendered the premises to the Plaintiff and now unlawfully and by force detain from Plaintiff the premises.

5. Plaintiff further states that insofar as it can, with reasonable diligence, ascertain, Defendant (s) is/are not currently engaged in the military in the United States of America or in the State of Ohio.

**WHEREFORE**, Plaintiff demands judgment for immediate restitution of the premises and for costs.

                                       Willis Law Firm LLC

                                       By: _____
                                       William L. Willis (0038537)
                                       Dimitrios G. Hatzifotinos, (0077751)
                                       Solomon J. Parini (0096794)
                                       Michael K. Jameson (0096790)
                                       Clint B. Charnes (0082913)
                                       Attorney for Plaintiff
                                       1160 Goodale Blvd
                                       Columbus, Ohio 43212
                                       (614) 221-9455

Exh. A

A-1

## NOTICE TO LEAVE THE PREMISES

To: Jason Cooper, and all other occupants:

We wish you to leave the following described premises now in your occupation, situated in the city of Columbus, County of Franklin, State of Ohio, and described as follows:

112 Franshine East.
Columbus, Ohio 43228

together with the lot of land which said unit is situated.

Grounds: Non-payment of rent

Your compliance with this notice on or before the third day from the date listed below will prevent any legal measure being taken by us to obtain possession.

**YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.**

_____
Assistant Property Manager

Date: August 6, 2020

Havenwood Townhomes
4312 Westport Road
Columbus OH 43228
(614) 272-2100

***In the event that we are forced to file an eviction, we will incur additional costs in the amount of $283.00, which must be reimbursed to us before any equitable situation or agreement to allow you to maintain your tenancy will be considered.

A-2

## NEW CIVIL CASE FILING

G21237

**LORI M TYACK, CLERK**
**FRANKLIN COUNTY MUNICIPAL COURT**
**THIS COVER SHEET MUST BE COMPLETED FOR ALL NEW CASE FILINGS**

(Please check all that apply)

**CASE TYPE**

| | | | |
|---|---|---|---|
| ___ | "E" | Personal Injury/Property Damage | $123.00 |
| ___ | "F" | Contracts/Notes/Accounts | $123.00 |
| ___ | "F" | Cognovit | $123.00 |
| ___ | "H" | 12 Point / FRA Non-Compliance Petitions | $123.00 |
| ___ | "H" | BMV Reinstatement Plan | $ 20.00 |
| ___ | "H" | Certificate of Judgment | $ 84.00 |
| ___ | "H" | Declaratory Judgment | $123.00 |
| ___ | "I" | Small Claims | $ 78.00 |
| ___ | "P" | Parking Violations Bureau Petition | $123.00 |
| ___ | "CV_" | Change of Venue | $ 97.00 |
| ___ | "EV_" | Civil Environmental | $123.00 |

NOTE: THE ABOVE FILING FEES INCLUDE SERVICE FOR UP TO 3 DEFENDANTS AND/OR ADDRESSES ISSUING ONE (1) TYPE OF SERVICE. ADDITIONAL DEFENDANTS AND/OR ADDRESSES, AND/OR MORE THAN (1) TYPE OF SERVICE REQUESTED WILL BE CHARGED ADDITIONAL SERVICE FEES BASED ON THE CURRENT COURT FEE SCHEDULE.

**Service Type:**

___ Certified Mail
___ Bailiff Service (Instructions must be filled out)
___ Process Server (This option must include additional $3.00 & Approval Entry)
___ Other (Instructions must be filled out)
___ Waiver of Notification of Failure (Form CV-81 MUST be completed)

## EVICTIONS

**CASE TYPE**

| | | | |
|---|---|---|---|
| X | "G" | F.E.D. 1 Cause of Action (EVICTION ONLY) | $123.00 |
| ___ | "G" | F.E.D. 2 Causes of Action (EVICTION WITH MONEY) | $160.00 |

NOTE: THE ABOVE FILING FEES INCLUDE ORDINARY MAIL SERVICE PLUS ONE OF THE CHOICES BELOW FOR UP TO 3 DEFENDANTS AND/OR ADDRESSES. REQUESTS FOR ADDITIONAL DEFENDANTS AND/OR ADDRESSES WILL BE CHARGED ADDITIONAL SERVICE FEES BASED ON THE CURRENT COURT FEE SCHEDULE.

| ORDINARY MAIL SERVICE + | 1 Cause | 2 Cause |
|---|---|---|
| X Bailiff Service (Instructions must be filled out) | $123.00 | $160.00 |
| ___ Certified Mail (Must be signed for to perfect service) | $123.00 | $160.00 |
| ___ Process Server (Must include Approval Entry) | $126.00 | $163.00 |

Signature of filing Party: _[signature]_

Phone Number (optional): (614) 324-0449

Provision of phone number may assist the court if problems are encountered

PLEASE PRESENT COMPLETED FORM WITH ORIGINAL & SERVICE COPIES TO CASHIER. MAKE CHECKS OR MONEY ORDERS PAYABLE TO "FRANKLIN COUNTY MUNICIPAL COURT" or "FCMC"   Rev 3/20/19

A-3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

KBW INVESTMENT PROPERTIES, LLC )
_____ )
*Plaintiff* )
v. ) Civil Action No. 20-cv-4852
Alex Azar, ET AL. )
_____ )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Maxim Perel and Jason Cooper
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

| Place: Willis Law Firm, LLC<br>1160 Goodale Boulevard<br>Grandview Heights, Ohio 43212 | Date and Time:<br>9-25-20 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9-18-20

CLERK OF COURT

_____ OR _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Atty for π
1160 Goodale 614 3240450, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exh. B

B-1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-4852

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☒ I served the subpoena by delivering a copy to the named person as follows: Atty and client

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9-18-20

_____
*Server's signature*

Simon Hatzitolios(?)
*Printed name and title*

1160 Goodale
*Server's address*

Additional information regarding attempted service, etc.:

B-2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

B-3

## EXHIBIT A

All documents which evidence a CDC Certification and all attempts to obtain governmental or other assistance, including but not limited to, IMPACT funding for you or anyone you have represented in your capacity as an individual or an attorney.

Additionally, provide documents which show that you will not be able to pay your rent or whether a tenant you are representing will not be able to pay their rent due to COVID-19.

B-4