# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KBW INVESTMENT PROPERTIES, LLC,**<br><br>      Plaintiff,<br> v.<br><br>**SECRETARY ALEX AZAR,** *et al.***,**<br><br>      Defendants. | **Case No. 2:20-cv-4852**<br><br>**Judge James L. Graham**<br><br>**Magistrate Judge Kimberly A. Jolson**<br><br>**MOTION TO DISMISS OF DEFENDANT FRANKLIN COUNTY MUNICIPAL COURT** |

      Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Franklin County Municipal Court moves this Court for a judgment on the pleadings dismissing Plaintiff's claims against the Franklin County Municipal Court.

      A memorandum in support of this motion is attached.

      Respectfully Submitted,

/s/ William A. Sperlazza
William A. Sperlazza (0081863)
Senior Assistant City Attorney
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street
Columbus, Ohio 43215
(614) 645-7479 / (614) 645-2650 (fax)
WASperlazza@columbus.gov
*Attorney for Defendant Franklin County Municipal Court*

**MEMORANDUM IN SUPPORT**

**I.     PROCEDURAL POSTURE AND RELEVANT FACTS**

Defendant Franklin County Municipal Court ("FCMC"), has been named as a defendant in this lawsuit filed by Plaintiff KBW Investment Properties, LLC.  Plaintiff caused an eviction action against Defendant Cassandra King in August 2020.  COMPLAINT ¶ 6 (R.1 #2).  A month later FCMC Judge Jarrod B. Skinner signed an Order staying the enforcement of an agreement between Plaintiff and King—this was a final appealable order pursuant to ORC 2505.02.  COMPLAINT ¶ 17 (R.1 #4), COMPLAINT EXHIBIT D (R.1-2 #72).  Plaintiff alleges this Order has denied Plaintiff access to the legal system and has caused Plaintiff to suffer economic damages.  COMPLAINT ¶ 63, 66 (R.1 #8-9) Plaintiff's complaint fails to state a claim against the FCMC upon which relief can be granted, and all claims against the FCMC must be dismissed.

**II.    LEGAL STANDARD**

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiffs complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Plausibility requires

showing more than the "sheer possibility of relief but less than a probab[le] entitlement to relief" *Iqbal*, 556 U.S. at 678.

### III. LAW AND ARGUMENT

#### A. PLAINTIFF'S ACCESS TO THE LEGAL SYSTEM WAS NOT IMPEDED BY THE FCMC ORDER

The Order signed by FCMC Judge Jarrod B. Skinner is a final appealable order pursuant to ORC 2505.02. The Order is subject to appeal just like any other final appealable order. Rather than exercising its right to appeal Judge Skinner's Order, Plaintiff chose to sue the FCMC. Plaintiff's criticism of rulings of the FCMC is the proper subject of an appeal to the Tenth District Court of Appeals, not a new federal lawsuit. Further, it does not create a basis upon which relief can be granted against the FCMC. Thus Plaintiff's claim against the FCMC must be dismissed.

#### B. THE FCMC IS ENTITLED TO SOVEREIGN IMMUNITY

Under the Eleventh Amendment, sovereign immunity bars suit against a state or its agencies, unless the state has waived that immunity or Congress has overridden it. *Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).* A lower-level state court of record is considered an arm of the state, rather than a "person," for the purposes of § 1983 and the Eleventh Amendment; thus the court is immune from suit under the doctrine of sovereign immunity. *Ward v. City of Norwalk, 640 F. App'x 462, 464-65 (6th Cir. 2016).*

In this case, the FCMC is a lower-level state court of record; it is an arm of the state of Ohio and immune from Plaintiff's suit under the doctrine of sovereign immunity. The FCMC is entitled to sovereign immunity in this matter and all of Plaintiff's claims against the FCMC must be dismissed.

### IV. CONCLUSION

3

For the foregoing reasons, Defendant Franklin County Municipal Court respectfully requests an order dismissing all claims brought against it in this case.

                                        Respectfully Submitted,

                                        /s/ William A. Sperlazza
                                        William A. Sperlazza (0081863)
                                        Senior Assistant City Attorney
                                        CITY OF COLUMBUS, DEPARTMENT OF LAW
                                        ZACH KLEIN, CITY ATTORNEY
                                        77 North Front Street
                                        Columbus, Ohio 43215
                                        (614) 645-7479 / (614) 645-6950 (fax)
                                        WASperlazza@columbus.gov
                                        *Attorney for Defendant Franklin County Municipal Court*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using this Court's e-Filing System, which will send a notice of this electronic filing to all counsel of record in this matter:

            /s/William A. Sperlazza
            William A. Sperlazza (0081863)