IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KBW INVESTMENT PROPERTIES, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY ALEX AZAR, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-4852<br><br>Judge James L. Graham<br><br>Magistrate Judge Kimberly L. Jolson |

**STIPULATION OF DISMISSAL**

Now come Plaintiff, KBW Investment Properties, LLC, and the Federal Defendants, the U.S. Department of Health and Human Services; Alex M. Azar II, in his official capacity as Secretary of Health and Human Services; the Centers for Disease Control and Prevention (CDC); and Nina B. Witkofsky, in her official capacity as Acting Chief of Staff of the CDC, by and through their respective counsel of record, and hereby stipulate to dismissal of this lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), stating as follows:

WHEREAS, the CDC issued an Order entitled Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, on September 4, 2020 (the CDC Order), and

WHEREAS, on September 14, 2020, the Franklin County, Ohio Municipal Court issued an order staying the set out of Plaintiff's tenant, Defendant Cassandra King, until the expiration of the CDC's Order on December 31, 2020, *see* Compl., Exhibit D, ECF No. 1-1, and

WHEREAS, Plaintiff alleges the order issued without any inquiry into the veracity of the CDC certification Defendant King presented to the state court, *see* Compl. ¶¶ 16–19, ECF No. 1, and

1

WHEREAS, Plaintiff filed a Complaint in this action on September 16, 2020 challenging the CDC Order, and

WHEREAS, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on September 16, 2020 (ECF No. 3) seeking to enjoin the Order, and

WHEREAS, on September 25, 2020, the Court held a preliminary telephone conference pursuant to S.D. Ohio Civ. R. 65.1(a) to address Plaintiff's Motion, during which counsel for the federal government represented that the CDC Order does not preclude a landlord's seeking judicial review of a tenant's right to remain on his or her property against the wishes of the landlord, including seeking an evidentiary hearing to test the veracity of a declaration submitted pursuant to the CDC Order where available under applicable state or municipal law, *see* Hr'g Tr. 19:14–20:5, ECF No. 19, and

WHEREAS, following the conference, the Court denied Plaintiff's request for a temporary restraining order and set an expedited hearing as to Plaintiff's request for a preliminary injunction for October 15, 2020 at 2:00 p.m., and

WHEREAS, on October 2, 2020, in a separate action concerning a similar challenge to the CDC Order, the federal government filed a brief that stated: "The [CDC] Order does not prevent a landlord from filing an eviction action in state court. First, the Order expressly permits eviction for various reasons other than nonpayment of rent. *See* 85 Fed. Reg. at 55294 (property damage, criminal activity, etc.). Second, nowhere does the Order prohibit a landlord from attempting to demonstrate that a tenant has wrongfully claimed its protections. And third, even where a tenant is entitled to its protections, the Order does not bar a landlord from commencing a state court eviction proceeding, provided that that actual eviction does not occur while the Order remains in place. *See id.* at 55292 ('the order prevents these persons from being evicted or removed from where they are living through December 31, 2020'); *id.* at 55293 (defining 'evict' as 'to remove or cause the removal

2

of').  Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Injunction at 42, ECF No. 22, *Brown v. Azar*, No. 20-3702 (N.D. Ga.).

NOW THEREFORE, the Federal Defendants having stated that the CDC Order does not prevent a landlord from seeking judicial review of a tenant's right to remain on his or her property, including seeking an evidentiary hearing to challenge the veracity of a declaration, provided that no actual eviction occurs while the Order remains in effect and applies to the tenant, Plaintiff and Federal Defendants hereby stipulate to dismissal of this action against the Federal Defendants with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all parties to bear their own fees and costs.

Dated: October 9, 2020                      Respectfully submitted,

WILLIS LAW FIRM LLC

/s/ *Dimitrios G. Hatzifotinos*
William L. Willis (0038537)
Dimitrios G. Hatzifotinos (0077751)
Solomon J. Parini (0096794)
Michael K. Jameson (0096790)
1160 Goodale Boulevard
Grandview Heights, Ohio 43212
mjameson@willislawohio.com
(614) 324-0465
(614) 324-0460 (Fax)

*Counsel for Plaintiff*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

/s/ *Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Steven A. Meyers
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: October 9, 2020

And paper copy to:

Cassandra King

2232 McGuffey Lane

Columbus, Ohio 43223

*/s/ Dimitrios G. Hatzifotinos*
WILLIS LAW FIRM LLC
