**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KBW INVESTMENT PROPERTIES, LLC**        Plaintiff,<br>**v.**<br>**SECRETARY ALEX AZAR, et al.,**        Defendants. | **Case No. 2:20-cv-4852**<br>**Judge James L. Graham**<br>**Magistrate Judge Kimberly A. Jolson** |

**ORDER**

On October 9, 2020, Plaintiff and Defendants U.S. Department of Health and Human Services; Alex M. Azar II, in his official capacity as Secretary of Health and Human Services; the Centers for Disease Control and Prevention ("CDC"); and Nina B. Witkofsky, in her official capacity as Acting Chief of Staff of the CDC (collectively, the "Federal Defendants") stipulated to dismissal of Plaintiff's claims against the Federal Defendants with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 22.)

On October 9, 2020, Plaintiff and Defendant Franklin County Municipal Court also stipulated to dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 23.)

Plaintiff's only remaining claim is Count IX of its Complaint against tenant, Defendant Cassandra King entitled, "Violation of 28 U.S.C. § 1746 and perjury against King for lying, misleading, and or omitting information on CDC declaration/certification." (Compl., ECF No. 1 at 26.)

The Court sua sponte raises the issue of whether Plaintiff's claim against Ms. King should be dismissed for lack of subject matter jurisdiction. A district court's federal question jurisdiction

exists where the federal law creates the cause of action or where the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808 (1988).  The question here is whether 28 U.S.C. § 1746 gives rise to a civil cause of action.  Undoubtedly, it does not.

As the Seventh Circuit explains, "§ 1746 merely makes unsworn statements admissible if they are signed under penalty of perjury, and it does not establish a private right of action against individuals accused of committing perjury." *Jagla v. Lasalle Bank,* 253 Fed. App'x 597, 599 (7th Cir. 2007).  Accordingly, since there is no private cause of action for a violation of 28 U.S.C. § 1746, Plaintiff fails to state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  As Plaintiff fails to raise a federal question establishing subject matter jurisdiction, Count IX against Ms. King must be **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 9, 2020